# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6893 | **DATE** | 11/18/2002 |
| **CASE TITLE** | CLARK PRODUCTS, INC. vs. PENNY RYMAL, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants Herman Baergen and MTD System, Inc.'s motion for dismissal for lack of personal jurisdiction [9-1] and for improper venue [9-2] or in the alternative, for change of venue [9-3] is granted in part. Defendant Penny Rymal's motion to dismiss the complaint for lack of personal jurisdiction [11-1] or in the alternative to transfer this action to Michigan under *forum non conveniens* [11-2] is granted in part. Pursuant to Federal Rule of Civil Procedure 12(b)(3), this action is dismissed without prejudice for improper venue. All previously set dates are vacated. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 19 2002 date docketed | |
| | Notified counsel by telephone. | | | 19 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 11/18/2002 | |
| CB | courtroom deputy's initials | 02 NOV 18 PM 4:53 | date mailed notice pw mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

NOV 1 9 2002

CLARK PRODUCTS, INC. )
)
    Plaintiff, ) No. 02 C 6893
)
v. ) Suzanne B. Conlon, Judge
)
PENNY RYMAL, HERMAN BAERGEN, and )
MTD SYSTEMS, INC., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

In this diversity action, Clark Products, Inc. ("Clark Products") sues Penny Rymal ("Rymal") and Herman Baergen ("Baergen") for breach of implied contract (Count I), breach of fiduciary duty (Count II), breach of duty of loyalty (Count III), usurpation of corporate opportunity (Count IV), tortious interference with business expectancy (Count V), civil conspiracy (Count V), unjust enrichment and restitution (Count VII) and fraudulent misrepresentation and/or concealment (Count VIII). Clark Products names MTD System, Inc. ("MTD") as a defendant to Counts V through VII. Rymal, Baergen and MTD (collectively, "defendants") move to dismiss the complaint based on lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Alternatively, defendants move to transfer the case to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). In addition, Rymal moves to dismiss the complaint based on the prior filing of *Rymal v. Herman Baergen et al.*, No. 01-3226 pending in the Circuit Court for the County of Macomb, Michigan ("the Michigan action") and Clark

1

19

Products' failure to properly plead diversity jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## BACKGROUND

Defendants' motions to dismiss for lack of personal jurisdiction must be considered first. *See Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)("Without jurisdiction the court cannot proceed at all in any cause"). *See also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999)(a district court may consider personal jurisdiction first). In deciding a motion to dismiss for lack of personal jurisdiction, the court accepts all well-pleaded jurisdictional allegations in the complaint as true unless controverted by affidavit or deposition. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987); *J. Walker & Sons, Ltd. v. DeMert & Dougherty, Inc.*, 821 F.2d 399, 402 (7th Cir. 1987). Any conflict presented by affidavit or deposition must be resolved in Clark Products' favor. *Id.* However, any unrefuted facts offered by defendants will be accepted as true. *Facilitec Corp. v. Grease Stopper, Inc.*, No. 01 C 2971, 2002 WL 226758, at *2 (N.D. Ill. Feb. 13, 2002).

Clark Products is an Illinois corporation with its principal place of business in Elk Grove, Illinois. Complaint ("Compl.") at ¶¶ 1-2. Clark Products is engaged in the distribution of food service equipment and supplies as well as janitorial and sanitation supplies. *Id.* at ¶ 1. Clark Products employed Baergen and Rymal as managers at its Detroit, Michigan division. *Id.* at ¶¶ 22-30. In 1989, a Clark Products' customer approached Baergen about the possibility of Clark Products delivering films to the customer's movie theaters. *Id.* at ¶ 39. Baergen declined the opportunity on behalf of Clark Products. *Id.* at ¶ 41. Thereafter, he and Rymal formed MTD as an independent film delivery business to service this customer and others. *Id.* at ¶ 42, 44.

According to Baergen and Rymal, MTD is a Michigan corporation doing business exclusively within the state of Michigan. Baergen Aff. at ¶ 6; Rymal Aff. at ¶ 10. MTD has never had any customers in Illinois. *Id.* Baergen and Rymal have never lived, worked or owned property in Illinois. Baergen Aff. at ¶¶ 3-5; Rymal Aff. at ¶¶ 3-8. During the relevant time period, Baergen and Rymal's only contact with Illinois was through their positions with Clark Products. *Id.*

## DISCUSSION

### I. Personal Jurisdiction

Defendants claim the court lacks personal jurisdiction over them. In a diversity case, a federal district court sitting in Illinois may assert personal jurisdiction over a non-resident defendant if an Illinois state court would have jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). Illinois authorizes personal jurisdiction on any basis permitted by the Illinois Constitution and the United States Constitution. *Id.* The Illinois Supreme Court has noted that federal law may be used as guidance for construction of the Illinois due process clause. *Lewis v. Spagnolo*, 186 Ill.2d 198, 227, 710 N.E.2d 798, 812 (1999). Absent any authority supporting a broader construction, the Illinois due process clause may be interpreted the same as the federal due process clause. *Id.* Consequently, the court confines its jurisdictional analysis to whether federal due process permits jurisdiction over defendants.

Federal due process requires defendants to have "certain minimum contacts with [Illinois] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe v. Washington*, 326 U.S. 310, 316 (1945). In Illinois, defendants may be subject to either general or specific jurisdiction. *RAR*, 107 F.3d at 1275.

A.  **General Jurisdiction**

Clark Products first contends that the court has general jurisdiction over defendants because they "have availed themselves of the privilege of conducting activities" within Illinois. Response at 4. General jurisdiction exists only where the defendant has continuous and systematic general business contacts with the forum such that he could reasonably foresee being haled into court in that state for any matter. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Defendants' limited contacts with Illinois does not satisfy this standard. MTD does not do any business in Illinois and the individual defendants' contact with Illinois is limited to sporadic business travel on behalf of Clark Products. Based on this record, the court cannot assert general jurisdiction over defendants.

B.  **Specific Jurisdiction**

Clark Products next contends that the court has specific jurisdiction over defendants because an Illinois corporation was injured as a result of defendants' alleged tortious activities. The court may assert specific jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). Defendants need not be physically present in Illinois to have sufficient minimum contacts with Illinois. *Hanson v. Denckla*, 357 U.S. 235, 251-53 (1958). Rather, the crucial inquiry is whether their conduct was such that they should have reasonably anticipated being haled into court here. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). The individual defendants knew they were working for an Illinois corporation. During their employment, they allegedly misappropriated a business opportunity belonging Clark Products to form MTD. As a result, Clark Products claims it was injured by defendants' actions in Illinois. Under these circumstances, it was

4

foreseeable that defendants would be required to answer for their actions in Illinois. Indeed, "[one] who commits tortious acts against an Illinois business should reasonable anticipate being haled into an Illinois court." *Telular Corp. v. Vitech America, Inc.*, No. 96 C 4749, at *2 (N.D. Ill. Oct. 21, 1996). *See also Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997)("the state in which the victim of a tort suffers the injury may entertain a suit against the accused tortfeasor").[1] Therefore, Clark Products' allegations are sufficient to establish personal jurisdiction over defendants. *See Digital Merchant Systems, Inc. v. Oglesby*, No. 98 C 8033, 1999 WL 1101769, at *3-4 (N.D. Ill. Nov. 30, 1999)(defendants' knowledge that they were dealing with Illinois corporation at time of alleged tortious conduct sufficient to satisfy minimum contacts).

Nevertheless, defendants attempt to refute Clark Products' allegations by claiming it was not injured as a result of their actions. In support of their claim, defendants offer deposition testimony given by Clark Products' chairman in the Michigan action. However, defendants may not offer this deposition testimony because the Michigan action does not involve the same subject matter as this action. *See* Fed. R. Civ. P. 32(a)(4)(depositions taken in prior action may be used in subsequent action "involving the same subject matter"... "between the same parties"). In the Michigan action, Rymal sues Clark Products, Baergen and MTD for sex discrimination and failure to pay earned commissions in violation of state law. Rymal Motion at Ex. 4. Indeed, Clark Products' motion to amend its pleadings in the Michigan action to include the claims alleged here was denied. Baergen and MTD Motion at Ex. C. Moreover, the cited deposition testimony fails to confirm that Clark Products was not injured by defendants' actions. Rather, Clark Products' chairman repeatedly

---

[1] Baergen and MTD argue that "*Janmark* was wrongly decided, and it is clearly at odds with every other circuit to decide this issue." Reply at 2-3 n. 2. Nevertheless, *Janmark* remains the law in this circuit and is binding on this court.

testified that he lacked knowledge of Clark Products' interest in the film delivery business and loss of customers, but the division presidents could provide the requested information. *See, e.g.,* Baergen and MTD Reply, Ex. D at 21-22, 138, 162-165. As a result, defendants fail to refute Clark Products' allegations regarding their minimum contacts with Illinois.

Nor have defendants offered any reason why jurisdiction in Illinois would be unreasonable. *See Burger King*, 471 U.S. at 477 ("where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable"). Defendants do not offer any evidence demonstrating why it would be unfair, inconvenient or burdensome to litigate in Illinois. Absent a compelling countervailing reason, assertion of specific jurisdiction over defendants comports with federal due process.

C.    **Fiduciary Shield Doctrine**

Rymal claims the fiduciary shield doctrine protects her from suit in Illinois. The fiduciary shield doctrine "denies personal jurisdiction over an individual whose presence and activity in the state in which the suit is brought were solely on behalf of his employer or other principal." *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 912 (7th Cir. 1994)(internal citations omitted). The fiduciary shield doctrine has two exceptions: "(1) the shield is removed if the individual's personal interests motivated his actions; and (2) the shield generally does not apply when the individual's actions are discretionary." *Jones v. Sabis Educational Systems, Inc.*, 52 F.Supp.2d 868, 884 (N.D. Ill. 1999)(citations omitted). Both exceptions apply to Rymal's alleged conduct.

First, Rymal's failure to offer the purported business opportunity to Clark Products inured to her benefit by allowing her to continue working at Clark Products while earning additional income

6

from MTD. Second, Rymal has not demonstrated her failure to disclose the business opportunity was anything but voluntary. *See Brujis v. Shaw*, 876 F. Supp. 975, 980 (N.D. Ill. 1995)(fiduciary shield doctrine does not protect individual in a position to decide whether or not to perform the alleged tortious acts). In sum, Rymal voluntarily chose to remain silent to advance her own personal interests in MTD. Consequently, the fiduciary shield doctrine does not protect Rymal from suit in Illinois.

## II. Venue

Defendants next claim that venue is improper in Illinois. Section 1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situation, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Clark Products argues venue is proper under § 1391(a)(2). However, all the tortious acts underlying Clark Products' injury in Illinois occurred in Michigan. Indeed, Clark Products concedes that "the acts alleged to have caused harm to Clark may well have taken place in Michigan." Response at 12. Under these circumstances, venue in the Northern District of Illinois is improper. *See Digital Merchant Systems*, 1999 WL 1101769, at *5 (Section 1391(a)(2) does not apply where tortious acts causing injury within forum state occurred outside of forum state).

Nevertheless, Clark Products claims transfer, rather than dismissal, is appropriate. Section 1406(a) provides:

7

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). Clark Products has not offered any reason why transfer is required to preserve the interests of justice. Therefore, transfer to the Eastern District of Michigan is inappropriate under 28 U.S.C. § 1406(a).

## CONCLUSION

Although the court may assert personal jurisdiction over defendants, venue is not proper in the Northern District of Illinois. Rymal's remaining arguments are moot.

November 18, 2002

ENTER:

Suzanne B. Conlon
United States District Judge